FILED IN OFFICE

## General Civil and Domestic Relations Case Filing Information Form

2018 DEC 10 PH 2: 31

☑ Superior or ☐ State Court of CHATHAM _____ County

DEP. CLK. SUPERIOR CT
CHATHAM COUNTY GA

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number SPCV18-01378-BA |

**Plaintiff(s)**
FAILLA   JOHN

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
CITY  OF SAVANNAH, GA

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ELIZABETH C. BLAIR     **Bar Number** 567510     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☑ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.
N/A
_____   _____
Case Number                Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. N/A
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
NO

RECEIVED FOR RECORD

**IN THE SUPERIOR COURT OF CHATHAM COUNTY** 2018 DEC 10  PH 2: 30
**STATE OF GEORGIA**

*Tammie Mosley*

TAMMIE MOSLEY-CLERK
SUPERIOR COURT C.C. GA

| | | |
|---|---|---|
| **JOHN FAILLA** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.:** SPCV18-01378-BA |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF SAVANNAH, GA,** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, John Failla, by and through undersigned counsel, files his Complaint against Defendant, City of Savannah, GA (hereinafter, "the City"), and shows the Court as follows:

## INTRODUCTION

John Failla brings this action of age discrimination under the Age Discrimination Employment Act of 1967 (ADEA). In August of 2016, Mr. Failla applied for the job of City Surveyor with the City. The City refused to hire him, hired a substantially younger candidate and proffered a pretextual reason for refusing to hire Mr. Failla.

## PARTIES

1.

John Failla was born October 18, 1945 in the United States and currently resides in Cumming, Georgia. He was an applicant, then at all times material hereto was a candidate for the classified position of City Surveyor with the City of Savannah.

2.

Defendant City of Savannah is a duly incorporated municipality and all times material hereto has engaged in business within Chatham County, Georgia.

3.

The City is an employer in Chatham County, Georgia within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

4.

Pursuant to O.C.G.A. § 9-11-4, Defendant City of Savannah may be served with process by delivering a copy of the summons and complaint to Mayor Eddie Deloach, Office of the Mayor, Savannah City Hall, 2nd Floor, 2 East Bay Street, Savannah, GA 31402.

## JURISDICTION AND VENUE

5.

Jurisdiction is appropriate in the Superior Court of Chatham County because the Court has concurrent jurisdiction of Mr. Failla's claims under federal law. Chatham County, Georgia is the county and judicial circuit in which the Defendant resides, does business, and where the City's unlawful actions give rise to Mr. Failla's claims. Accordingly, venue is proper in the Superior Court of Chatham County.

## FACTUAL BACKGROUND

6.

The City Surveyor position (the "position") for the City of Savannah became vacant in April of 2016 after the former Surveyor passed away.

7.

Julie McLean, City of Savannah Development Services Director and City Engineer, was responsible for providing a job description to the human resource department.

8.

Erin McCune, Human Resource Analyst, and Joy Wilkinson, Interim Human Resource Director at that time, were responsible for recruiting for the position after receiving the job description from Ms. McLean's department.

9.

An advertisement for the position was placed on the City's website on or around May 12, 2016.

10.

The advertisement for the position contained a salary range, job functions, minimum qualifications, additional information and a mandatory supplemental questionnaire. See Exhibit 1.

11.

The job description did not contain any requirements or inquiries related to local surveying experience of the applicant.

12.

The first applicant submitted his application in June 2016.

13.

The first applicant was not licensed as a Registered Land Surveyor in Georgia.

14.

John Failla was the second applicant submitting his application in August 2016.

15.

Gregory Harris applied for the position in September 2016.

16.

The remaining applicants submitted their applications in February 2017.

17.

The salary range for the position was advertised as $46,459 to $59,235.

18.

John Failla requested a salary of $60,000.

19.

Gregory Harris requested a salary of $75,000.

20.

Julie McLean reported low salary as being the biggest problem in finding suitable applicants.

21.

John Failla had at least 40 years of experience as a land surveyor when he applied for the position.

22.

Mr. Failla had extensive supervisory experience in his career as a land surveyor.

23.

Mr. Failla had specialized knowledge on the history and original layouts of the 13 original American colonies, which included Savannah.

24.

Email communications between those recruiting and hiring for the position inaccurately listed Mr. Failla's "years of experience" as 15 years.

25.

Gregory Harris was noted in email communications as having 9.5 years of experience.

26.

Gregory Harris has significantly less supervisory experience than John Failla.

27.

Born February 23, 1970, Mr. Harris is substantially younger than Mr. Failla.

28.

Mr. Failla and Mr. Harris were the only two licensed applicants from September 9, 2016 until early February 2017.

29.

In November of 2016, Ms. McLean conducted salary research for the position in hopes of meeting the salary request of Mr. Harris.

30.

By January of 2017, Ms. McLean had Gregory Harris complete a background check and considered him on "standby" for the position.

31.

Around late January or early February, Ms. Wilkinson decided to recruit more candidates who may accept a lower salary instead of approving a higher salary for Gregory Harris.

32.

Before the second round of recruiting in February 2017, Mr. Failla's salary request was only $765 over the original advertised salary.

33.

Ms. McCune expressed that the position was difficult to fill because the City was having a hard time finding a licensed surveyor.

34.

Ms. McCune was not told by Ms. McLean that there was another very qualified, licensed applicant for the position before she commenced the recruitment of more applicants.

35.

As directed by Ms. Wilkinson, Ms. McCune sent letters to licensed land surveyors from all around the state of Georgia asking for them to apply for the position by February 15, 2017.

36.

Ms. McLean reported that while more applicants were being recruited, she was moving forward with Mr. Harris for the position.

37.

Ms. McLean was informed that Mr. Harris was denied the position based on her failure to disqualify the remaining 14 "qualified" applicants.

38.

Ms. McLean reported that she assisted Christy Lawrence in developing a questionnaire that was used to disqualify the remaining applicants.

39.

Ms. McLean made the decision that local experience was essential to the job.

40.

This second supplemental questionnaire asked whether the applicants had local experience with land surveying and whether the applicant had ever submitted a plat for review and approval in Savannah.

41.

The Georgia Plat Act established the procedure land surveyors must follow to submit plats to a municipality for review and approval.

42.

Ms. McLean reported that the position only rarely requires submitting plats to the City for review and approval.

43.

Ms. McLean disqualified the other 14 applicants on the premise that local surveying experience was the most essential requirement in assessing how qualified a candidate was for the position.

44.

Mr. Failla was never interviewed in person or by phone for the position.

45.

Mr. Harris was hired for the position on April 11, 2018.

46.

The City asserts that Mr. Failla was not hired because he lacked the essential qualifications for the position.

47.

John Failla's extensive knowledge and experience with the Georgia Plat Act provides the necessary experience for submitting a plat with the city of Savannah for review and approval.

48.

Mr. Failla and another applicant were the oldest applicants with at least 40 years of experience in land surveying.

49.

Gregory Harris was one of the youngest applicants with only 9.5 years of experience in land surveying.

50.

John Failla was a member of the protected group of persons protected by the Age Discrimination in Employment Act of 1967 when the City refused to hire him from June 2016 to April 11, 2017.

51.

John Failla filed his charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on July 25, 2017. See Exhibit 2.

52.

The EEOC determined that Mr. Failla was discriminated against based on his age. See Exhibit 3.

53.

It was determined by the EEOC that the proffered reason provided by the City for not hiring Mr. Failla was pretextual.

54.

The EEOC explained that it was "unreasonable to conclude that local experience was a material requirement of the position…"

55.

The City declined to enter into a conciliation agreement with the EEOC.

56.

The EEOC issued a "Notice of Right to Sue" September 14, 2018, a true and accurate copy of which is attached hereto as Exhibit 4.

57.

Mr. Failla has earned less income since being refused employment by the City than he would have earned had he been hired.

## COUNT ONE

## VIOLATION OF AGE DISCRIMINATION ACT OF 1967
## REFUSAL TO HIRE CANDIDATE IN A PROTECTED CLASS

58.

The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

60.

The City of Savannah, through its agents, knowingly, willfully and intentionally refused to hire Mr. Failla, as set forth and as further to be proved at trial, because he was substantially older than the selected candidate in violation of Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

61.

Mr. Failla's age, as described herein above and further to be proved at trial, was a significant and determining factor in the decision of the City not to hire him for the position of the City Surveyor.

62.

The reasons given for Mr. Failla not being hired for the position are false and a pretext for the discrimination underlying the decision of the City not to hire him.

63.

As a direct, legal and proximate result of this discriminatory conduct, Mr. Failla has suffered financial loss.

64.

Accordingly, Mr. Failla seeks any damages and expenses allowed by law against the City in an amount to be proved at trial.

65.

Mr. Failla further seeks all available declaratory and equitable relief against the City as appropriate.

66.

Accordingly, Mr. Failla is entitled to equitable and monetary relief for the violation of his rights under the Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a) Take jurisdiction of this matter and declare Mr. Failla's rights under the statute set forth above;

b) Award Mr. Failla all back pay, benefits, and any other amounts owed as a result of the City's unlawful discrimination;

c) Award him instatement or front pay, as just equitable and appropriate;

d) Award Mr. Failla liquidated damages;

e) Award Mr. Failla all costs and expenses of this action, including reasonable attorney fees as authorized by law;

f) Award Mr. Failla prejudgment and post-judgment interest.

g) Grant a trial by jury; and

h) Award such other and further legal and equitable relief as will effectuate the

purposes of the referenced statutes or as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 10th day of December, 2018.

ELIZABETH C. BLAIR
Georgia Bar No. 567510
*Attorney for Plaintiff*

CARLISLE LAW FIRM
3500 Fort McAllister Road
Richmond Hill, GA 31324
T: (912) 266-6664
F: (912) 266-6664

WILLIAM R. CARLISLE
Georgia Bar No. 110382
*Attorney for Plaintiff*

CARLISLE LAW FIRM
3500 Fort McAllister Road
Richmond Hill, GA 31324
T: (770) 295-0175
F: (770) 295-0178

14 of 14

*John Failla v. City of Savannah, Georgia*
Complaint
# Exhibit 1

12/20/2017                                            Job Bulletin



CITY OF
*savannah*

Human Resources Department
132 E. Broughton Street, P.O. Box 1027
Savannah, GA 31402-9972
http://www.savannahga.gov

### INVITES APPLICATIONS FOR THE POSITION OF:

## City Surveyor

*An Equal Opportunity Employer*

**SALARY**
$46,459.00 - $59,235.00 Annually

**OPENING DATE:** 05/12/16

**CLOSING DATE:** 02/15/17

**PURPOSE**

This position is responsible for supervising and participating in technical surveying duties.

**ESSENTIAL JOB FUNCTIONS**

Supervises, directs, and evaluates assigned staff; handles employee concerns and problems; directs work; counsels and disciplines staff; completes employee performance appraisals; recruits, appoints, and trains staff.

Performs subdivision plat reviews.

Performs topographic, boundary and location surveys.

Reviews easement and subdivision maps.

Examines control data on construction plans as submitted.

Maintains records of control points.

Reviews and files survey work submitted by consultants.

Supervises the plotting of field data.

Maintains survey records for city owned property.

Surveys finished floor elevations.

Supervises tree locations.

Directs the location of street rights-of-way.

Performs other related duties as assigned.

**MINIMUM QUALIFICATIONS**

High school diploma or GED plus additional vocational training in land survey; with five years of land surveying or municipal surveying; or any equivalent combination of education and experience. Some supervisory experience required. Must be licensed as Registered Land

EXHIBIT 1 (pg.1)

Surveyor in Georgia and possess a valid driver's license.

Work Location: 5515 Abercorn St. ; Work Schedule: Monday- Friday 7:30 AM - 4:00 PM

Background investigation, including supervised drug screen, post offer/pre-employment medical screen; and verification of education, certifications, and licenses required prior to employment.

**ADDITIONAL INFORMATION**

Skill in the operation of land surveying instruments.

Skill in developing short- and long-range plans.

Skill in establishing priorities and organizing work.

Skill in the operation of computers and other modern office equipment.

Skill in training and supervising personnel.

Skill in public and interpersonal relations.

Skill in oral and written communication.

| APPLICATIONS MUST BE COMPLETED ONLINE AT:<br>http://www.savannahga.gov | EXAM #1604534<br>CITY SURVEYOR<br>EM |
| --- | --- |

**City Surveyor Supplemental Questionnaire**

* 1. Do you have at least five years of land surveying or municipal surveying? (If yes, this information MUST be listed in the Work Experience section of the application)

  ⊐ Yes    ⊐ No

* 2. Do you have supervisory experience? (If yes, this information MUST be listed in the Work Experience section of your application)

  ⊐ Yes    ⊐ No

* 3. Are you currently licensed as a Registered Land Surveyor in Georgia?

  ⊐ Yes    ⊐ No

* Required Question

EXHIBIT 1 (pg. 2)

*John Failla v. City of Savannah, Georgia*
Complaint
# Exhibit 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2017-04859 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. John L. Failla | (770) 289-1039 | 1945 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3672 Roseman Landing, Cumming, GA 30040 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF SAVANNAH | 500 or More | (912) 651-6484 |

| Street Address | City, State and ZIP Code |
|---|---|
| 132 East E. Broughton St., Savannah, GA 31401 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-01-2017  Latest: 03-01-2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I applied for a City Surveyor position with the above-named employer in September 2016. On March 1, 2017, I was informed that another land surveyor was hired for the position, who I believe was younger than me.

II. No acceptable reason was given as to why I did not get the position.

III. I believe that I have been discriminated against because of my age (71), in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X  7/28/17<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EXHIBIT 2

*John Failla v. City of Savannah, Georgia*
Complaint

# Exhibit 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Direct Dial: (404) 562-6887
FAX (404) 562-6909/6910
Website: www.eeoc.gov

EEOC Charge No.: 410-2017-04859

John Fallia                                    Charging Party
3672 Roseman Landing
Cumming, GA 30040

City of Savannah                               Respondent
132 East Broughton St.
Savannah, GA 31401

### DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621. (ADEA). Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that he applied for a Surveyor position in September 2016. Charging Party further alleges on or about March 1, 2017, he was informed that another Land Surveyor was hired for the position, who he believed was younger. Charging Party believes he was discriminated against because of his age (71) in violation of the ADEA.

Respondent denies the allegations.

The evidence of record established that there is no dispute that Charging Party is in a protected group with regard to his age (71). It is also undisputed that Charging Party applied for a position as a Surveyor. The evidence of record supports that Charging Party is qualified for the position. Evidence shows that Respondent selected a younger candidate who met the minimum qualifications.

Evidence of record shows that Respondent cited the successful candidate's local experience as the determining factor for its selection. Evidence supports that Respondent's proffered reason for its selection is pretext because at least three qualified candidates, including Charging Party, possessed local experience and significantly more experience than the successful candidate. Additionally, it is unreasonable to conclude that local experience was a material requirement of the position, since Respondent admittedly sought candidates who resided in various cities and states. Moreover, the Surveyor position is regulated by the state of Georgia; and any Georgia State Licensed Surveyor is equipped with the skills necessary to perform such duties in its licensed geographical area, regardless of the city.

EXHIBIT 3 (pg.1)

Charge No.: 410-2017-04859
Page 2

Based upon the evidence and the record as a whole, there is reasonable cause to conclude that Charging Party was discriminated against because of his age, in violation of the ADEA.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practice by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. A conciliation agreement containing the types of relief necessary to remedy the violation of the statute is included for your review. When Respondent declines to enter into settlement discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

You are hereby reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

AUG 0 3 2018

Date

Bernice Williams-Kimbrough
Atlanta District Director

EXHIBIT 3(pg 2)

*John Failla v. City of Savannah, Georgia*
Complaint
# Exhibit 4

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: John L. Failla
3672 Roseman Landing
Cumming, GA 30040

From: Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

| | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2017-04859 | Jamila Mims,<br>Investigator | (404) 562-6919 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

SEP 1 4 2018

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

*(Date Mailed)*

cc: Erin McCune
Human Resources Director
CITY OF SAVANNAH
132 East E. Broughton St.
Savannah, GA 31401

EXHIBIT 4

SPCV18-01378-BA

## RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**
(CHECK ONE)

[ ] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____.

John Failla _____ (Plaintiff) vs. City of Savannah (Defendant)

This _10th_ day of _December_, 20_18_.

_____ Attorney/Plaintiff

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.
2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.
3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10.2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**

http://www.chathamcounty.org/department_freeform_T7_R132.html

FORM 3.2 REVISED JAN 2011

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOHN FAILLA ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** _SPCV18-01378 - BA_ |
| ) | |
| CITY OF SAVANNAH, GA, ) | |
| ) | |
| **Defendant.** ) | |

### SUMMONS

TO THE ABOVENAMED DEFENDANT:
**CITY OF SAVANNAH, GEORGIA**
**Eddie Deloach, Mayor**
Office of the Mayor, 2nd Floor
2 East Bay Street
Savannah, GA 31402

You are hereby summoned and required to file with the Clerk of said court
serve upon the Plaintiff's attorney, whose name and address is:
**CARLISLE LAW FIRM**
**William R. Carlisle, Elizabeth C. Blair**
**3500 Fort McAllister Road**
**Richmond Hill, GA 31324**
an answer to the complaint which is herewith served upon you, within 30 days after
service of summons upon you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in this
complaint.
**This 10th day of December, 2018.**

**Clerk of Superior Court**
**CHATHAM COUNTY**

By _____
(Deputy) Clerk

RECEIVED FOR RECORD

2018 DEC 10  PM 2: 30

IN CHATHAM SUPERIOR COURT

_____TERM_____

_____

Tammie Mosley
TAMMIE MOSLEY-CLERK
SUPERIOR COURT CO. GA

John Failla,
Plaintiff

VS.

City of Savannah, GA,
Defendant.

c/o Eddie Deloach/Mayor
2 East Bay St - 2nd floor
Richmond Hill, GA
Savannah, GA
31402

**ORIGINAL**

Filed in the Clerks Office this _____10th_____

day of _____December_____, 2018

_____
Clerk, Dep. Clerk S.C.C.A. GA

_____
PLAINTIFFS ATTORNEY

=====================================================

2018 DEC 11 PM 2: 06

RECEIVED